IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAM IANNACONE,**
individually,

    **Plaintiff,**

v.                                             **CIVIL ACTION NO.: 2:24-cv-00245**
                                                   **HONORABLE THOMAS E. JOHNSTON**

**J.D. ELLISON, individually, and
THE NICHOLAS COUNTY
COMMMMISSION, a political
subdivision of the State of West
Virginia,**

    **Defendants.**

### DEFENDANTS', DEPUTY J.D. ELLISON AND THE NICHOLAS COUNTY COMMISSION, ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COME** the Defendants, Deputy J.D. Ellison and the Nicholas County Commission, by counsel, Wendy E. Greve, Drannon L. Adkins and the law firm of Pullin Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answer the Complaint filed by the Plaintiff herein, William Iannacone (hereinafter "Plaintiff").

### GENERAL RESPONSE AND PREAMBLE

This responsive pleading has been prepared, served, and filed by counsel for these Defendants under the Federal Rules of Civil Procedure. As permitted by Rule 8(e)(2), defenses to the claims made in the Complaint are being asserted alternatively and in some cases hypothetically. Defenses are being asserted regardless of apparent consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure. No discovery has been conducted to date in the above-captioned civil action. In order to preserve important legal rights and protection, these Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe does or may apply to some or all of the claims raised therein. These Defendants reserve the right to withdraw, modify

1

or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

## ANSWER

Answering the Opening Paragraph of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial.

## JURISDICTION

Answering the Jurisdiction Paragraph of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial.

## PARTIES

1. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Answering Paragraph 2 of Plaintiff's Complaint, these Defendants admit that Defendant, J.D. Ellison, was employed by the Nicholas County Sheriff's Department and acting as a Deputy; however, these Defendants deny the remaining statements and allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. These Defendants admit the statements and allegations contained in Paragraph 3 of Plaintiff's Complaint.

## FACTS

4. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Answering Paragraph 5 of Plaintiff's Complaint, these Defendants admit Plaintiff was flashing his headlights at oncoming traffic; however, these Defendants deny

the remaining statements and allegations in Paragraph 5 of Plaintiff's Complaint.

6. These Defendants admit the statements and allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. These Defendants admit the statements and allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Answering Paragraph 8 of Plaintiff's Complaint, these Defendants admit that Plaintiff advised Defendant Ellison that he was unaware that flashing his headlights as a warning to other drivers was illegal; however, these Defendant are without sufficient information to either admit or deny that Plaintiff believed he had been engaging in protected speech.

9. These Defendants admit the statements and allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. These Defendants admit the statements and allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Answering Paragraph 11 of Plaintiff's Complaint, these Defendants admit that Defendant Ellison stated, "I'm not your brother and I'll never be your brother;" further, these Defendants admit that Defendant Ellison released Plaintiff from handcuffs; however, these Defendants deny the remaining statements and allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. These Defendants deny the statements and allegations contained in Paragraph 12 of Plaintiff's Complaint.

**COUNT ONE – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. 1983 FIRST AMENDMENT VIOLATION**

13. In response to Paragraph 13 of Plaintiff's Complaint, these Defendants

hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 12 of Plaintiff's Complaint, contained herein above.

14. Paragraph 14 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required.

15. These Defendants deny the statements and allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. These Defendants deny the statements and allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required.

18. Paragraph 18 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required.

19. Answering Paragraph 19 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

20. Answering Paragraph 20 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

21. Answering Paragraph 21 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained

therein, they are denied.

22. Answering Paragraph 22 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

23. These Defendants deny the statements and allegations contained in Paragraph 23 of Plaintiff's Complaint.

**COUNT TWO – UNREASONABLE SEIZURE UNDER 42 U.S.C. 1983 VIOLATION OF THE FOURTH AMENDMENT**

24. In response to Paragraph 24 of Plaintiff's Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 23 of Plaintiff's Complaint, contained herein above.

25. Answering Paragraph 25 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

26. These Defendants deny the statements and allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required.

28. Answering Paragraph 28 of Plaintiff's Complaint, these Defendants state that the first sentence contains a statement of law or argument to which no admission or denial is required; however, these Defendants deny the remaining statements and allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Paragraph 29 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required.

30. Answering Paragraph 30 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

31. These Defendants deny the statements and allegations contained in Paragraph 31 of Plaintiff's Complaint.

## COUNT THREE – MONELL CLAIM AGAINST THE NICHOLAS COUNTY COMMISSION

32. In response to Paragraph 32 of Plaintiff's Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 31 of Plaintiff's Complaint, contained herein above.

33. Answering Paragraph 33 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

34. Answering Paragraph 34 of Plaintiff's Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

35. These Defendants deny the statements and allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. These Defendants deny the statements and allegations contained in

Paragraph 36 of Plaintiff's Complaint.

37.  These Defendants deny the statements and allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.  These Defendants deny the statements and allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.  Answering the WHEREFORE paragraph, and subparagraphs 1-3, of the Complaint, these Defendants state that the Plaintiff is not factually, legally, or equitably entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim(s) or cause(s) of action against Defendants upon which relief may be granted and, therefore, said Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

### THIRD DEFENSE

To the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, Defendants invoke the following defenses of contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, expiration of the statute of limitations, lack of personal jurisdiction, and any other matter constituting an avoidance or affirmative defense.

### FOURTH DEFENSE

Defendants assert and preserve those immunities and defenses contained in W. Va. Code § 29-12A-1, et seq.

### FIFTH DEFENSE

Defendants raise and preserve the defenses of qualified immunity and any other immunity available to each defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution, and the West Virginia State Code.

### SIXTH DEFENSE

Defendants assert and preserve the affirmative defenses of absolute and qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Clark v. Dunn, 465 S.E.2d 374 (W.Va. 1995); and State v. Chase Securities, Inc., 424 S.E.2d 591, 595 (W. Va. 1992).

### SEVENTH DEFENSE

Defendants are immune from liability because they acted at all times with probable cause and in good faith performance of their official duties.

### EIGHTH DEFENSE

Defendants deny that they acted in violation of the Plaintiff's Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard for the Plaintiff's Constitutional and statutory rights or that they in any way denied Plaintiff due process of law.

### NINTH DEFENSE

The alleged damages, of which the Plaintiff complains, were caused by the misconduct of Plaintiff or acts of others over which Defendants had no control.

### TENTH DEFENSE

Defendants are immune from suit because their conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiff.

### ELEVENTH DEFENSE

No custom, usage, policy, practice, acts, or omissions of these Defendants caused a deprivation of Plaintiff's rights, including any civil rights.

### TWELFTH DEFENSE

Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

### THIRTEENTH DEFENSE

Plaintiff may have failed to join a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, Defendants reserve the right to file additional affirmative defenses, counterclaims, cross-claims, motions to dismiss and/or third-party claim if the sufficient or factual basis therefore is developed through ongoing investigation and discovery.

### FOURTEENTH DEFENSE

Defendants raise and preserve the defenses of Self-Defense and Defense of Others.

### FIFTEENTH DEFENSE

For a separate and distinct defense, Defendants state that the Plaintiff, to the extent that he seeks punitive damages, violates the Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of

the State of West Virginia, violates the Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article III, Section 5 of the Constitution of the State of West Virginia, and violate the Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia, and therefore fails to sate a cause of action upon which punitive damages can be awarded.

## SIXTEENTH DEFENSE

For a separate and distinct defense, Defendants state that any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution, in that punitive damages are vague and are not rationally related to legitimate government interests, and under the Sixth and Eighth Amendments of the United States Constitution, in that punitive damages are penal in nature, and consequently, the Defendants are entitled to the same safeguards accorded to criminal defendants, and punitive damages would violate the rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution because punitive damages, being penal in nature, would require a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## SEVENTEENTH DEFENSE

Defendants deny that they are liable to the Plaintiff in any amount or that the Plaintiff is otherwise entitled to recovery and/or the relief sought from Defendants in the Plaintiff's Complaint.

### EIGHTEENTH DEFENSE

For a separate and distinct defense, Defendants state that they did not perform any wrongful acts or omissions as alleged by the Plaintiff.

### JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

### PRAYER

**WHEREFORE,** Defendants, Deputy J.D. Ellison and the Nicholas County Commission, having fully answered Plaintiff's Complaint, pray that Plaintiff recover nothing from these Defendants, that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint, and for such other and further relief, whether legal or equitable in character, as to which these Defendants may be entitled.

**DEPUTY J.D. ELLISON and THE NICHOLAS COUNTY COMMISSION,**
By Counsel,

*/s/ Drannon L. Adkins*
Wendy E. Greve, WV State Bar No. 6599
Drannon L. Adkins, WV State Bar No. 11384

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAM IANNACONE,**
**individually,**

  **Plaintiff,**

v.             CIVIL ACTION NO. 2:24-cv-00245
             HONORABLE THOMAS E. JOHNSTON

**J.D. ELLISON, individually, and**
**THE NICHOLAS COUNTY**
**COMMMISSION, a political**
**Subdivision of the State of West**
**Virginia,**

  **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify on the **15th** day of **July 2024**, I electronically filed the foregoing **Defendants', Deputy J.D. Ellison and the Nicholas County Commission, Answer to Plaintiff's Complaint** with the Clerk of the Court via the CM/ECF system which will send notification to the following:

John Bryan
P.O. Box 366
Union, WV 24983
jhbryan@me.com; jhb@johnbryanlaw.com
*Counsel for Plaintiff*

        /s/ Drannon L. Adkins
        Wendy E. Greve, WV State Bar No. 6599
        Drannon L. Adkins, WV State Bar No. 11384

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:  (304) 344-0100
Facsimile:  (304) 342-1545

12